# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**GREGORY O'NEAL WADE,**<br><br>*Defendant.* | **CRIMINAL ACTION NO.**<br>**3:22-cr-00004-TES-CHW-1** |

### ORDER ON DEFENDANT'S MOTION IN LIMINE AND FOR *FRANKS* HEARING

Before the Court is Defendant Gregory O'Neal Wade's Motion in Limine and for a *Franks* Hearing, [Doc. 90], in which he moves the Court to prevent the Government from introducing any evidence obtained from the search conducted at his apartment on the morning of July 14, 2021.[1] The Government objects to Defendant's motion. [Doc. 99]. For the reasons discussed below, the Court **DENIES** Defendant's Motion. [Doc. 90].

### PROCEDURAL BACKGROUND

On February 8, 2022, the Government obtained a multi-count indictment charging Defendant and two Co-Defendants, Johnathan Edward Brown ("Brown") and D'Angelo Caleb Perkins ("Perkins"), with several counts of conspiracy to distribute

---

[1] Specifically, Defendant "moves the Court in limine to prevent the Government from introducing any evidence obtained from the search . . . ." [Doc. 90, p. 1]. The Court analyzes this as a single motion for a *Franks* hearing. Because the Court denies Plaintiff's motion for a *Franks* hearing, it will not exclude evidence obtained from the search of Defendant's apartment based on Defendant's arguments in his current motion.

various drugs as well as weapons charges.[2] [Doc. 1, pp. 1–3]. On March 29, 2022, Defendant entered a plea of not guilty. [Doc. 11]; [Doc. 14]. On March 31, 2022, Judge Weigle granted the Government's Motion for Detention Pending Trial. [Doc. 9]; [Doc. 18]; [Doc. 19]; [Doc. 20]. Defendant remains incarcerated in the Butts County Jail without bond. [Doc. 90, p. 1].

## FACTUAL BACKGROUND[3]

In 2018, the FBI's Safe Streets Gang Task Force and the Athens-Clarke County Police Department (ACCPD) Gang Unit began investigating Defendant and members of the 1831 Piru Bloods, a violent street gang that traffics large amounts of illegal narcotics in the Athens area. In April 2021, the Court authorized a wiretap of Defendant's cell phone and Instagram account. Law enforcement agents intercepted conversations revealing that Defendant and others were trafficking illegal narcotics in Athens and that they distributed drugs from Defendant's home. The conversations also led law enforcement agents to believe that they kept multiple firearms there too.

On July 13, 2021, GBI Special Agent Rebecca Herold applied for a warrant in the Clarke County Superior Court to search Defendant's apartment at 355 Jennings Mill

---

[2] Perkins has not been arrested and remains a fugitive from justice.

[3] Relevant to Defendant's Motion for *Franks* Hearing [Doc. 90], Defendant's Co-Defendant Brown filed a Motion to Suppress evidence obtained by the Government's search of his cellphone located in Defendant Wade's apartment. [Doc. 58]. Many of the facts discussed in this Order come from the testimony of GBI Special Agent Rebecca Herold during Defendant Brown's suppression hearing on April 24, 2023. *See* [Doc. 62]. The Court finds that a preponderance of the evidence establishes these facts. *United States v. Beechum*, 582 F.2d 898, 913 n.16 (5th Cir. 1978) (citing *Lego v. Twomey*, 404 U.S. 477, 489 (1972)).

Parkway, Apartment 333, in Athens. *See* [Doc. 68-1]. Superior Court Judge Lawton Stephens found probable cause and signed the search warrant the same day. [Doc. 68-2, pp. 2–3]; [Doc. 58-1, pp. 26–27]. The search warrant also authorized agents to search a gray 2008 Range Rover with Georgia Tag # RWT8029 registered to Defendant. [*Id.* at 1]. The warrant authorized the seizure of narcotics and firearms, as well as the seizure *and search* of any cell phones in the apartment. [*Id.* at 1–3].

Agent Herold gave a seventeen-page affidavit in support of the search warrant. *See* [Doc. 68-1, pp. 1–17]. Her affidavit outlined conversations she had intercepted over Defendant's phone, revealing Defendant and others used his apartment to store and distribute drugs. For example, Agent Herold's affidavit stated:

> Since the interception of wire and electronic communications over [Wade's phone] began, agents have intercepted numerous voice call events where multiple people wanted to purchase narcotics from WADE including heroin, powder cocaine, crack cocaine, and marijuana while WADE was at [his apartment]. In many of these intercepted calls, WADE directed drug customers to his [apartment] and provided directions to the building number and the location of the apartment within the building. . . . Additionally, agents learned while monitoring several other calls events [*sic*] that WADE and his roommates, MARQWESE BUTLER (hereinafter "BUTLER"), Unknown Male who is the user of telephone number 954-625-0675 (hereinafter "UM-0675"), Unknown Male who is the user of telephone number 754-971-4239 (hereinafter "UM-4239") regularly maintain narcotics and cash assets at the above-described premises.
>
> [*Id.* at 9 (emphasis added)].

On the morning of July 14, 2021, the Athens-Clarke County SWAT team executed entry into Defendant's apartment, and the Safe Streets Gang Task Force conducted the

search warrant for Defendant's apartment.

## DISCUSSION

In *Franks v. Delaware*, the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held." 438 U.S. 154, 155–56 (1978). *Franks* requires an initial showing by the movant that is "more than conclusory." *Id.* at 171. Indeed, a defendant's allegations "must be accompanied by an offer of proof" and "point out specifically the portion of the warrant affidavit that is claimed to be false." *Id.* Defendant makes no such showing here. Taking away the regurgitated legal standards in Defendant's motion, conclusory allegations are all that's left. *See* [Doc. 90]. Accordingly, his request for a *Franks* hearing is **DENIED**.

**SO ORDERED**, this 9th day of June, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**