# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> GREGORY O'NEAL WADE, <br><br> *Defendant.* | CRIMINAL ACTION NO. <br> 3:22-cr-00004-TES-CHW-1 |

### ORDER DENYING DEFENDANT'S MOTION TO SEVER

Before the Court is Defendant Gregory O'Neal Wade's Motion to Sever. [Doc. 88]. Defendant argues that he "has no felony criminal history involving firearms or drugs while his co-defendants, at least co-defendant Brown, has an extensive criminal history . . . ." [*Id.* at p. 2]. Therefore, according to Defendant, any evidence related to Defendant Brown would be "highly prejudicial and inflammatory against" him. [*Id.*]. The Government objects to Defendant's motion. [Doc. 97]. For the reasons discussed below, the Court also **DENIES** Defendant's Motion to Sever. [Doc. 88].

### PROCEDURAL BACKGROUND[1]

On February 8, 2022, the Government obtained a multi-count indictment charging Defendant and two Co-Defendants, Johnathan Edward Brown ("Brown") and D'Angelo Caleb Perkins ("Perkins"), with several counts of conspiracy to distribute

---

[1] The Court incorporates the factual background from its Amended Order Denying Defendant's Motion to Suppress and Motion to Sever [Doc. 72].

various drugs as well as weapons charges.[2] [Doc. 1, pp. 1–3]. On March 29, 2022, Defendant entered a plea of not guilty. [Doc. 11]; [Doc. 14]. On March 31, 2022, Judge Weigle granted the Government's Motion for Detention Pending Trial. [Doc. 9]; [Doc. 18]; [Doc. 19]; [Doc. 20]. Defendant remains incarcerated in the Butts County Jail without bond. [Doc. 90, p. 1].

## MOTION TO SEVER

Defendant's primary argument to support severance stems from his assertion that "[t]he 404(b) evidence and volume of other evidence expected to be introduced at Trial against defendant Wade's co-defendant would be highly prejudicial and inflammatory against Mr. Wade to the point that a jury could not fairly and impartially categorize such evidence against only co-defendant Brown." [Doc. 88, p. 2]. He also argues that "[t]he amount of evidence that is expected to be introduced at Trial would be extremely voluminous and as such would impair a jury's ability to fairly consider the evidence against each individual Defendant." [*Id.*]. Plaintiff's arguments are unavailing.

Rule 8(b) of the Federal Rules of Criminal Procedure governs joinder of defendants and offenses in cases of multiple defendants. Rule 8(b) permits the government to charge two or more defendants in the same indictment

> if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or

---

[2] Perkins has not been arrested and remains a fugitive from justice.

2

separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8.

The Eleventh Circuit instructs that courts should broadly construe Rule 8 in favor of joinder. *See United States v. Dominguez*, 226 F.3d 1235, 1238 (11th Cir. 2000) (citing *United States v. Weaver*, 905 F.2d 1466 (11th Cir. 1990)).

Rule 14 provides, in turn, that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). When presented with a motion pursuant to Rule 14, the Court must "balance the defendant's right to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Berkman*, 433 F. App'x 859, 862 (11th Cir. 2011). "In conducting this analysis, the district court must grant a motion for severance only where denial would 'result[] in compelling prejudice against which the district court [can] offer[] no protection." *United States v. Whitfield*, Case No. 08-60229-CR, 2009 WL 3042394, at *3 (S.D. Fla. Sept. 18, 2009) (quoting *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006)) (alterations in original). In *United States v. Walser*, the Eleventh Circuit reaffirmed that "some prejudice" is insufficient to mandate severance; instead, the defendant carries a heavy burden to go beyond mere conclusory allegations and show that he would receive an unfair trial and suffer compelling prejudice. 3 F.3d 380, 386 (11th Cir. 1993).

3

Regarding requests to sever joint trials, the Supreme Court has stated that because limiting instructions are usually sufficient to cure any prejudice, "severances need be granted only if there is a serious risk that a joint trial would either compromise a specific trial right of one of the defendants or prevent the jury from making a reliable judgment about guilt or innocence even if limiting instructions are given." *United States v. Lopez*, 649 F.3d 1222, 1234-35 (11th Cir. 2011) (citations and quotations omitted).

Because the Government charges Defendant with the overarching conspiracy in Count One of the Indictment, there's no significant concern of prejudice sufficient to warrant a separate trial from his Co-Defendant, Brown. This is especially true given that the lion's share of the evidence that the Government found involved Defendant Wade, not Defendant Brown. *See* [Doc. 58-1]. In other words, the Court believes that appropriate limiting or curative instructions could certainly resolve Defendant's concerns. *See United States v. Kennard*, 472 F.3d 851, 859 (11th Cir. 2006) ("[A] court's cautionary instructions ordinarily will mitigate the potential 'spillover effect' of evidence of a co-defendant's guilt."); *United States v. Smith*, 918 F.2d 1501, 1509-10 (11th Cir. 1990) ("A defendant does not suffer compelling prejudice, sufficient to mandate a severance, simply because much of the evidence at trial is applicable only to co-defendants. The possible prejudicial effects of such disparity can be significantly alleviated if the trial judge is careful to instruct the jury that it must consider the evidence against each defendant on a separate and independent basis.") (internal

citation omitted).

It is also unclear how Defendant would suffer any spillover effect from the Rule 404(b) evidence that the Government seeks to admit against Brown—namely, a seizure of fentanyl during a traffic stop of Defendant Brown's vehicle around a year before Brown was found in Defendant's apartment. *See* [Doc. 85]. This concern is not sufficient to warrant severance.

What's more, the Court will instruct the jury that the Defendants are only on trial for the crimes charged in the indictment and that it cannot convict either Defendant simply because it believes that one or both may have committed an act in the past that the indictment doesn't charge. *See* Eleventh Circuit Judicial Council's Pattern Jury Instructions S4.1 & T1.1. And unlike state law on criminal gang activity, there's no corollary federal statute that could provide a basis for charging Defendant with criminal gang activity as a separate, initial offense. *See United States v. Matthews*, 312 F.3d 652, 661–62 (5th Cir. 2002) (holding that 18 U.S.C.A. § 521, the federal law on criminal street gangs, is "a sentence enhancement statute, not a separate criminal offense") (citations omitted).

Defendant has failed to show that the evidence at a joint trial would be such that a reasonable jury could not assess the involvement of Defendant from the activities of Brown. Accordingly, the Court **DENIES** Defendant Wade's Motion to Sever [Doc. 88].

[*Date and signature on next page*]

**SO ORDERED**, this 13th day of June, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
